### PETER MANVILLE v. LUCAS FELTER.

TRESPASSES TO PROPERTY; *Remedies, Civil and Criminal.* Under section 2 of chapter 113, general statutes of 1868, a civil action to recover damages cannot be joined and tried with a criminal prosecution instituted for a violation of said section; nor can the complainant in the criminal prosecution provided for in said statute recover in such proceeding any judgment for wrongs done to his property. The civil and criminal actions therein provided are not in anywise dependent upon each other. Either or both methods may be resorted to, as may be deemed best.

*Error from Doniphan District Court.*

A FULL statement of the proceedings in this case will be found in the subjoined opinion. The district court, at Sep-

tember Term 1876, gave judgment against *Manville*, and he brings the case here for review.

*Albert Perry*, for Manville.

*Price & Heatley*, for Felter.

*Willard Davis*, Attorney General, for the State.

The opinion of the court was delivered by

HORTON, C. J.: We frequently read in the law books of a confusion of goods, and of a misjoinder of actions; but we have presented to us in the record in this case such a confusion of suits, and such a misjoinder of actions, as to be truly *sui generis*. On June 15th 1876, Lucas Felter filed a complaint against Peter Manville under sec. 2, ch. 113, Gen.

1. "Confusion confounded." Stat. 1096, before a justice, and attempted to join a public prosecution and a civil action to recover in his own behalf the statutory damages prescribed by the act. He denominated the paper, or written complaint which he filed, a "bill of particulars" and an "affidavit." The case, as tried before the justice, was entitled "The State of Kansas vs. Peter Manville." The jury returned that Manville was guilty as charged, and assessed the complainant's damages at five dollars. Thereupon the justice rendered judgment, that Manville pay Lucas Felter ten dollars, double the amount of damages found, and the further sum of five dollars, and also adjudged Manville guilty of a misdemeanor and assessed his fine at the sum of one dollar, together with the costs of prosecution, and ordered that he be committed to the jail of Doniphan county until the judgment should be complied with, unless sooner discharged according to law. Manville then appealed the case to the district court, and there the case was entered on the docket alternately as the case of "The State of Kansas vs. Peter Manville," and as "Lucas Felter vs. Peter Manville." When tried in the district court, it was styled the case of "Lucas Felter vs. Peter Manville." The court rendered judgment on the verdict of the jury, that said Felter recover of said Manville the sum

of two dollars, the further sum of five dollars, (making in all seven dollars,) all the costs, (taxed at $83.40,) and that Manville pay the additional sum of one dollar as a fine. In this court the case is docketed as "The State of Kansas vs. Manville," and the attorney general, by virtue of his office, appears for the state; but the cause is brought here by a petition in error, and the counsel of Lucas Felter enter his appearance, and waive the issuance of a summons.

The statute "to prevent certain trespasses" provides redress in two ways for certain wrongs done to the property of individuals; one by a public prosecution, the other by a civil action brought by the party injured. *The State v. Armell*, 8 Kas. 288. If a public prosecution is had, of course the cause must be tried by the procedure applicable to criminal cases, and the county attorney would have the direction of the suit in the inferior courts. If a civil action is brought by the party injured, the case must be disposed of within the rules controlling trials of civil actions, and officially the county attorney would have no connection therewith. Under the section of law alleged to have been violated, the civil and criminal actions cannot be prosecuted together. The law does not tolerate such a course of procedure as was attempted in the proceedings before us, and we think the court below was manifestly guilty of the widest departure from all the recognized rules of practice. Some question might be raised whether the action ought not to be treated solely as a civil case, and so much of the judgment affirmed as gives to the complainant damages. But this view is not presented in either brief filed, and considering all the proceedings, the confusion of the suits in the courts below, and the joinder of a civil and criminal action on the trial, we do not deem it wise to favor in the slightest degree such practice, and therefore conclude to reverse all the judgment, and to remand the case for further proceedings in accordance with this opinion.

All the Justices concurring.