## LUCAS FELTER v. PETER MANVILLE.

JOINDER OF ACTIONS; *Amendment; Practice.* Where an action is com-
menced before a justice of the peace under chapter 113 of the General
Statutes, both as a civil and a criminal action, and is afterward carried
through that court and the district court to the supreme court, where-
the judgment of the district court is reversed, because of the improper
joinder of a civil with a criminal action, and the cause is then remanded
to the district court for further proceedings, where the person who first-
instituted the action moves for leave to amend the bill of particulars so-
as virtually to dismiss the criminal branch of the action, and leave the
civil branch for further prosecution, with himself as the plaintiff, and
the district court overrules the motion, and then on motion of the de-
fendant dismisses the entire action, *held,* that, in view of the peculiar
language of said statute, which seemingly authorizes the joinder of such
actions, the court should have permitted the amendment upon the pay-
ment of such proportion of costs already accrued, as could reasonably-
be chargeable to the criminal branch of the case.

### *Error from Doniphan District Court.*

A SUFFICIENT statement of the facts in this case is contained
in the subjoined opinion. The district court, at the March
Term, 1878, gave judgment for *Manville* and against *Felter,*
who brings the case here.

*Nathan Price,* for plaintiff in error.

*Albert Perry,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This case has been in this court before.
(*Manville v. Felter,* 19 Kas. 253.) The case was commenced
before a justice of the peace, by Lucas Felter, both as a civil
and a criminal action. It was commenced, however, under
chapter 113 of the General Statutes of 1868, p. 1095, (Comp.
Laws of 1879, p. 988,) which seemingly authorizes the join-
der of such actions. Peter Manville was the defendant in
this double-headed action. A trial was had in the case, and
the justice rendered a judgment against the defendant for
damages and costs, and that he be fined and imprisoned.

The defendant then appealed to the district court. In the district court the case was again tried, and judgment was rendered against the defendant for two dollars damages, and five dollars statutory penalty, and he was fined one dollar, and costs were adjudged against him. He then brought the case to the supreme court, both on appeal as a criminal action and on petition in error as a civil action. In the supreme court the entire judgment of the district court was reversed, because of said improper joinder of a civil with a criminal cause of action, and the cause was remanded to the district court for further proceedings. When the case was returned to the district court, Felter (one of the plaintiffs in the action) filed his motion in writing to amend the bill of particulars by striking out those portions of the same which made the state a party plaintiff. The state (the other plaintiff in the action) did not make any further appearance in the action by counsel or otherwise. The defendant appeared, and resisted the motion. No evidence was introduced on the hearing of the motion, and the record does not show what, if any, reason was given why the motion should be sustained. The motion was overruled. The defendant then moved the court in writing to dismiss the action, and the court sustained the motion. Felter then brought the case to this court for review on petition in error only.

We think it is true that when the case was returned from the supreme court to the district court, it then stood for disposition there the same as when it was first taken there from the justice's court, except that a large amount of costs had accrued in the action since it was first taken to the district court, which costs must be taken into consideration on the hearing of any motion to amend the pleadings or any motion to dismiss the action.

The bill of particulars in this case which Lucas Felter asked to amend, so as to convert it into a bill of particulars in a civil action, and making himself the plaintiff, was entitled as follows: "The State of Kansas, plff., v. Peter Manville, deft.—Plff's bill of particulars and affidavit." Then

comes the body of the bill of particulars, which states facts
sufficient to constitute a civil cause of action in favor of
Felter, and a criminal cause of action in favor of the state.
Felter is designated several times in the bill of particulars as
"the complainant," but never as the *plaintiff*.   The bill of
particulars is sworn to by Felter, and made an affidavit.   The
prayer for relief is as follows: "Wherefore this complainant
prays that the said Peter Manville may be arrested and dealt
with according to law; that this complainant have and re-
cover of said defendant, Peter Manville, the sum of five dol-
lars, together with the amount of damage which complainant
has sustained by reason of the wrongs and trespasses here-
inbefore complained of." Signed by counsel for "Lucas
Felter, complainant." The damages sustained by Felter, ac-
cording to the verdict of the jury in the district court, were
$2.   The costs must have been very large, probably from
eighty to one hundred dollars.   The record in the other case
shows them to have been $83.40, (19 Kas. 255); though
the record in this case does not show how much they were.
Some of these costs were probably made in the civil branch
of the case, and some of them in the criminal branch; but
how much in one or how much in the other, we cannot tell,
and probably the district court itself could not have told.
But as Felter, by his motion, desired, in effect, to dismiss the
criminal branch of the case, and to leave only the civil
branch thereof for further prosecution, he should of course
have been required (as the complainant and prosecuting wit-
ness in the criminal branch of the case) to pay all costs made
in the criminal branch, if not all costs made in both branches.
But would the court have been required to go into any nice
calculations for the purpose of determining how much of the
costs was made in one branch and how much in the other,
merely for the purpose of dismissing one branch of the case
and of permitting Felter to further prosecute the other
branch for the recovery of his two dollars damages and statu-
tory penalty?   We think the court might in its discretion
have permitted Felter to amend the bill of particulars upon

13—23 KAS.

Felter v. Manville.

payment of all the costs made in the action, or all made in the criminal branch thereof. Indeed, my brethren think the court ought to have permitted the amendment to be made. They believe that in view of the peculiar language of the statute under which this action was commenced, which statute seemingly authorizes the joinder of a civil with a criminal action, the court should have permitted the amendment to be made upon the payment of such proportion of the costs already accrued as could reasonably be chargeable to the criminal branch of the case. In my opinion, however, the court acted right. I think the court exercised a wise discretion in refusing to permit Felter to amend his pleadings, and in dismissing his entire action. After the action was dismissed, Felter could have commenced another action for his two dollars damages and statutory penalty, if he had so chosen. It seems, however, that he preferred to prosecute for his two dollars damages, etc., in this action. He wanted to dismiss the criminal branch of the case, and to prosecute the civil branch in this action, but the court said that both branches must be dismissed — that both should go together; and I think the court was right. At least, I cannot say that the court below abused its discretion in refusing the amendment and in dismissing the action. I think that the judgment of the court below should be affirmed; but in this my brethren disagree with me, and therefore the judgment of the court below will be reversed, and cause remanded for further proceedings.

BREWER, J.: If this had been an ordinary case of a joinder of a civil and a criminal action, I should be disposed to agree with what my Brother VALENTINE has said, but both actions are under a peculiar statute, which in the same section gives both a civil and a criminal action, and in language calculated to mislead one not stopping to carefully consider the inherent differences in the nature and forms of procedure, as to the right to unite the two. Under those circumstances, it seems to me that justice requires that the amendment asked for should have been allowed, upon the payment of such propor-

tion of the costs as were fairly chargeable to the criminal branch of the case. I do not know that the court was obliged to enter into any nice calculation as to the division of costs. The party making the mistake has no peculiar claims, and must be content if the court makes a reasonable division, and should be compelled to pay before amendment is allowed. I think the judgment should be reversed, and the case remanded with instructions to permit the amendment upon the payment of costs as aforesaid.

HORTON, C. J.: I concur in the views expressed by my Brother BREWER, and think the judgment of the district court should be reversed.