THE STATE OF KANSAS, *ex rel. A. H. Vance, as County Attorney of Shawnee County,* v. LESTER M. CRAWFORD AND G. N. BOUTELL.

CRIMINAL PROCEEDING — *Not a Civil Action.* The remedy given by § 13, ch. 128, of the Laws of 1881, providing for shutting up and abating all places where intoxicating liquors are manufactured, sold, bartered, or given away, in violation of law, is a criminal proceeding, and not a civil action.

*Error from Shawnee District Court.*

JUNE 3, 1882, the defendants, *Lester M. Crawford* and *G. N. Boutell,* recovered a judgment against the plaintiff, *The State,* which brings the case to this court. The nature of the action, and the facts, sufficiently appear in a case of the same title just decided, *ante,* and in the opinion, *infra.*

*A. H. Vance,* county attorney, and *G. C. Clemens,* special counsel, for The State.

*Joseph G. Waters,* for defendants in error.

*Per Curiam:* This case grows out of, and is founded upon, the same facts as the case just decided, of this same title, except that upon the facts of this case another and additional question is raised, to wit, Is the remedy given by § 13, ch. 128, of the Laws of 1881, providing for shutting up and abating all places where intoxicating liquors are manufactured, sold, bartered or given away in violation of law, a civil action, or a criminal proceeding? Unquestionably, we think, it is a criminal proceeding. The entire section seems to be dealing with matters of a criminal nature, and not with matters of a civil nature. There is nothing in it that seems even to squint toward a civil action. Besides, the abatement of nuisances always was a matter for criminal jurisdiction, and never was, at common law, a matter for civil jurisdiction. It is true that courts of equity in rare cases have sometimes taken jurisdiction of nuisances and perpetually enjoined the same; and possibly courts of equity may have, in extremely rare cases, gone to the extent of abating nuisances; but such cases have been so extremely rare that they need scarcely be taken into consideration when attempting to construe a statute which seemingly and apparently is nothing but a criminal statute.

Counsel for plaintiff in error refer us to chapter 113 of the General Statutes, (Comp. Laws of 1879, p. 988;) and also to the decisions of this court construing such chapter, to wit: *The State v. Armell,* 8 Kas. 288; *Manville v. Felter,* 19 Kas. 253; *Felter v. Manville,* 23 Kas. 191; and draw the inference from such chapter and decisions, that the remedy given by said § 13 is a civil action, and not a criminal proceeding. We do not think that any such inference can be fairly drawn. It has uniformly been held by this court, that the remedy given to the public by said chapter 113 is a criminal action, and not a civil action; and we suppose no one would pretend to claim that any remedy, civil or criminal, is given to a private individual by said § 13, ch. 128, of the Laws of 1881. The two statutes are entirely dissimilar; but we think that under both of them it must necessarily be held

that the remedies given by them to the public are criminal actions, and not civil actions. In this way the decisions with reference to them will harmonize.

The judgment of the court below will be affirmed.