CASE 103—ACTION BY E. S. ARNOLD AGAINST CITY OF STANFORD TO RECOVER DAMAGES FOR INJURY TO PROPERTY.—SEPTEMBER 23.

# Arnold v. City of Stanford.

APPEAL FROM LINCOLN CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. AFFIRMED.

MUNICIPAL CORPORATIONS—LOCATION OF PESTHOUSE—LIABILITY FOR INJURY TO PROPERTY—ULTRA VIRES—FAILURE TO PROHIBIT NUISANCE.

Held: 1. In an action against a city to recover damages for injury to plaintiff's property resulting from the location by the city of a pesthouse near it, the petition, even if otherwise sufficient, is not good in the absence of an averment that defendant, by action of its council in adopting an ordinance or resolution to that effect, directed the act complained of, or that the council, by ordinance or resolution, ratified the act; as a city in such matters acts by its council only.

2. As cities of the first, second, third, and fourth classes are each expressly empowered to establish or maintain pesthouses or hospitals for the treatment of eruptive diseases, the omission to confer that power on cities of the fifth class manifests a legislative determination to withhold the power.

3. As Kentucky Statutes, section 3909, expressly forbids the loca-

tion of a pesthouse for the treatment of eruptive or conta-
gious diseases within the corporate limits of any incorporated
city, and provides a penalty against the "officer" or "person"
who shall violate the section, the council can not bind the
city, even by an ordinance providing for the erection of a pest-
house within the city limits, as such an ordinance would
be *ultra vires;* and therefore a city of the fifth class is not lia-
ble for injury to property.from the erection of a pesthouse with-
in the city limits, whether there was or was not an ordinance·
providing therefor.

4. A city is not liable for injury to property resulting from its
failure to enact and execute ordinances for the prevention of a
nuisance, as the failure of a city to discharge its political du-
ties does not render it liable.

ROBERT HARDING and R. H. TOMLINSON, ATTORNEYS FOR AP-
PELLANT.

The city of Stanford, which is a city of the fifth class, erect-
ed and maintained a pesthouse within the city limits, and
within 150 yards of appellant's residence, for the treatment of
smallpox patients and appellant filed his petition in the Lin-
coln circuit court for damages to his property thereby.    A de-
murrer to his petition was sustained and failing to plead further,
his petition was dismissed and he appeals.

By reason of the close proximity of this pesthouse to appel-
lant's home, and the confinement therein for treatment of a
patient afflicted with smallpox, appellant was compelled to re-
main in his home, with himself and family exposed to this dis-
ease and liable to have it invade his home.

Of necessity, this created great alarm, anxiety and distress of
mind, annoyance and inconvenience to appellant, forcing him to
abandon for the time being the use and cultivation of a part of
his real estate.

These are the elements of damage that he suffered, and are
wrongs confessed by the demurrer.

### AUTHORITIES CITED.

Kentucky Statutes, sec. 3909; Clayton v. City Henderson, 20
R., 87; Woods' Law of Nuisance (2d ed.) sec. 6; City of Pa-
ducah v. Allen, 23 R., 703.

J. B. PAXTON, ATTORNEY FOR APPELLEE.

1. In this action appellant does not allege that the pesthouse
complained of was erected by an ordinance of the city of Stan-
ford, and therefore states no cause of action, as it is an ele-

mentary and fundamental principle that a municipal corporation can only act by ordinance of its legislative board, and in order to recover, the adoption of the ordinance must be plead.

2. Even if there had been such an ordinance there would be no cause of action for the reason that appellee's 'charter does not empower it to establish a pesthouse, and it could not be held responsible for the *ultra vires* act of its officers acting beyond the scope of their authority.

### AUTHORITIES CITED.

Dillon on Mun. Corp., sec. 413; Belleview v. Hohn, 82 Ky., 1; Clayton v. City Henderson, 20 R., 87.

OPINION OF THE COURT BY JUDGE O'REAR—AFFIRMING.

Appellee is a city of the fifth class. Appellant sued to recover damages because the city, it is alleged, located a pest house for the treatment of smallpox patients so near his house within the city as to endanger the lives of appellant and his family, and to render his home uninhabitable. A demurrer was sustained to the petition, and he declined to plead further. The petition does not aver that appellee, by action of its council, in adopting an ordinance or resolution to that effect, directed the act complained of, or that the council, by ordinance or resolution, ratified the act. In such matters a city acts by its council only. Neither the individual acts of the members (though all may have favored the act), nor of its ministerial officers, unless ratified by council in session, should bind the municipality. Until so adopted or ratified, the act remains as that of the individuals perpetrating it only. But cities of the fifth class are not empowered to establish or maintain pesthouses or hospitals for the treatment of eruptive diseases. Cities of the fourth class are (subsection 6, section 3490, Kentucky Statutes), as are cities of the first (section 2783, Id.), second (section 3058, subsec. 1), and third (section 3290, subsecs. 3, 4). The fact that the Legislature, at its session when the statutes governing cities of the various

classes were passed, gave the power specifically to some cities, and did not mention it when treating of the powers of others, in which their powers are enumerated with particularity, indicates a legislative determination to withhold the power where it was not expressed. State v. Ferguson, 33 N. H., 424. Section 3909, Kentucky Statutes, forbids the location of a pesthouse for the treatment of eruptive or contagious diseases within the corporate limits of any incorporated city, or within a mile of the boundary line thereof. The same section provides a penalty against the officer or person who shall violate the section. In the absence of any other statutory regulation, this would seem to be an express prohibition against the city's maintaining or erecting the pesthouse within its corporate limits. Should the council attempt, even by ordinance, to do so, the ordinance would be void. They could not bind the city by it. Where officers of the city, with or without the protection of an ordinance, should do an act expressly prohibited by statute, such an act would not be within the scope of their official duty, and would be ultra vires. The city can not be bound thereby. Hart v. City of Bridgeport, 13 Blatchf., 289, Fed. Cas. No. 6,149; Goddard v. Inhabitants of Harpwell, 84 Me., 499, 24 Atl., 958, 30 Am. St. Rep., 373; Thomson v. City of Booneville, 61 Mo., 283; Hanvey v. City of Rochester, 35 Barb., 178; Dill. Mun. Corp., sections 968-970, and cases there collected. The case of Clayton v. City of Henderson (103 Ky., 228) (20 R., 87) (44 S. W., 667, 44 L. R. A., 474), is relied on. In that case the city was held liable for establishing a pesthouse beyond the city limits in such proximity to plaintiff's premises as to create a private nuisance. Henderson is a city of the third class. This court held the city liable. The city was then doing what it

had the legal right to do. In doing it, it so acted as to
create a nuisance, for which it is liable, upon the principle
that a municipal corporation is liable for its wrongful
act when done within the scope of its charter authority,
as an individual would be bound by a similar act if done
by its agent or servant acting within the scope of his au-
thority. This act sued for is a nuisance under the facts
stated. Clayton v. City of Henderson, supra. But not
being the act of the city, it is the act of those who actual-
ly set up and maintained the pesthouse. It was thus a
private nuisance, of the same legal character that the es-
tablishment of a slaughterhouse by individuals might be.
It is admittedly true that the city could, by ordinance
and prosecution. so punish perpetrators of nuisances within
its jurisdiction as to prevent them. For a failure to enact
and execute such ordinances, will the city be liable? We
are of opinion that it will not. It would be a failure to dis-
charge its political duties for which it is not liable to a
suit at law. Patch v. City of Covington, 17 B. Mon., 722,
66 Am. Dec., 186; Wheeler v. City of Cincinnati, 19 Ohio
St., 19, 2 Am. Rep., 368; Rivers v. City Council of Augusta,
65 Ga., 376, 38 Am. Rep., 787; Davis v. City of Montgomery,
51 Ala., 139, 23 Am. Rep., 545; Dill. Mun. Corp., sections
950. 951. In Rivers v. City Council of Augusta, 65 Ga.,
376, 38 Am. Rep., 787, the city council had passed an or-
dinance forbidding cattle running at large in the streets,
but subsequently suspended it. During the suspension the
plaintiff was gored by a cow running at large in the street.
It was held that the city was not liable for a failure to
enact and enforce an ordinance on the subject of cattle run-
ning at large within its corporate limits. The matter was
held to be one of governmental discretion. In Davis v.
City of Montgomery, 51 Ala., 139, 23 Am. Rep., 545, a house

was destroyed by fire set by sparks from an engine, which was, by ordinance, a nuisance, subject to abatement, but which the city had neglected to abate. It was held that the plaintiff could not maintain an action against the city for its failure to take steps to abate nuisances within its limits, unless, perhaps, it had appeared that the corporation had acted corruptly, and abused its powers.

In our opinion, the petition failed to state a cause of action against the city in this case. Judgment affirmed.