CASE 24.—ACTION BY NELLIE D. LEAVELL AGAINST THE
   WESTERN KENTUCKY ASYLUM FOR THE INSANE
   FOR PERSONAL INJURIES.—March 2.

## Leavell v. Western Ky. Asylum for the Insane

122   213
e131  293
135   575

Appeal from Christian Circuit Court.

THOMAS P. COOK, Circuit Judge.

Judgment for defendant. Plaintiff appeals. Affirmed.

Lunatics—Asylums—Injury by Lunatic—Liability of Asylum—
   An asylum for the insane is purely an eleemosynary institu-
   tion created by the State for the beneficent purpose of caring
   for such of its citizens as may be found to be of unsound
   mind, and unable to care for themselves.  Such institutions
   are brought into being to aid in the performance of govern-
   mental duty, hence the rule of respondeat superior does not
   apply to them; therefore, they cannot be made to respond
   in damages for a personal injury inflicted on a servant by
   a lunatic in its charge, though such injury results from a
   negligent or malicious act on the part of such lunatic.

JAMES BREATHITT and DOWNER & RUSSELL for appellant.

### CLASSIFICATION OF AUTHORITIES.

Liability of lunatic asylums and charitable institutions.  (Ky.
Stats., section 217; Williamson v. Louisville Industrial School
of Reform, 15 Ky. Law Rep., p. 629; Herr, &c., v. Central Ken-
tucky Lunatic Asylum, 17 Ky. Law Rep., p. 320; Hauns v. Central
Kentucky Lunatic Asylum, 20 Ky. Law Rep., p. 246; Bank of Hop-
kinsville, &c., v. Western Lunatic Asylum for the Insane, 21
Ky. Law Rep., p. 1820; Herr, &c., v. Central Kentucky Lunatic
Asylum, 22 Ky. Law Rep., 1722; Central Kentucky Asylum for
the Insane v. Hauns, 23 Ky. Law Rep., p. 1016.)

C. H. BUSH and HUNTER WOOD & SON for appellee.

AUTHORITIES CITED.

Ashland Coal and Iron Railway Company v. Wallace, 19 Ky.
Law Rep., 849; Williamson v. Kentucky School of Reform, 15 Ky.
L. Rep., 629; Herr, &c., v. Central Kentucky Lunatic Asylum,
17 Ky. Law Rep., 320; Hugh Hearns, Appt., v. Waterbury Hos-
pital, 32 L. R. A., 224; Fire Insurance Patrol v. Boyd, 120 Pa., 624,
1 L. L. A., 417; Downs v. Harper Hospital, 25 L. R. A., 602; Ben-
ton v. Trustees City Hospital, 54 Am. Rep., 436; Perry v. House of
Refuge, 52 Am. Rep., 495; Sherbourne v. Yuba County, 81 Am.
Dec., 151; City of Richmond v. Long's Admr., 94 Am. Dec., 461.

OPINION BY JUDGE SETTLE.—Affirming.

This action was instituted by appellant in the Chris-
tian Circuit Court to recover of appellee damages
in the sum of $10,000 for an injury to her hand. The
facts alleged in the petition as constituting appellant's
cause of action were, in substance, that, while in the
employ of appellee and engaged in ironing clothing
in its laundry, a department of the institution in which
the clothing of lunatics in its care is washed and
ironed, her hand was, by the act of an irresponsible
lunatic in starting in motion an ironing machine
through which she was about to pass an article of
clothing, caught, mangled, and permanently maimed
between the heated rollers thereof, the machine being
started by the lunatic without her knowledge or the
direction of any one so to do; that the lunatic by whom
her hand was injured was an inmate of appellee
asylum and in its custody, and was by its permission
allowed to work in and about its laundry; that the
lunatic was incompetent to do any work about the
laundry, but by the gross negligence of appellee was
permitted to do so; and that such negligence caused
the injury to appellant's hand complained of.
Appellee filed a demurrer to the petition which the

lower court sustained, and appellant failing to plead
further, judgment was entered dismissing the action,
and of that judgment she now complains.

The question presented by this appeal is: Can the
appellee asylum be held responsible for a tort com-
mitted by a lunatic of whom it has custody? In our
view of the law the question must be answered in the
negative. Appellee is purely an eleemosynary insti-
tution created by the State and maintained at its
expense for the beneficent purpose of caring for such
of its citizens as may by judgment of a court of com-
petent jurisdiction be declared of unsound mind, and
by reason thereof disqualified for the duties of citizen-
ship and of caring for themselves. Such institutions
are mere instrumentalities of the State government
brought into being to aid in the performance of
governmental duty, hence the rule of respondeat
superior does not apply to them. Appellee cannot
therefore be made to respond in damages for a per-
sonal injury inflicted upon another by its servant, or
a lunatic in its charge, though such injury results
from negligence or malicious act on the part of such
servant or lunatic.

In the case of Williamson v. Louisville Industrial
School of Reform, 95 Ky., 251; 15 Ky. Law Rep., 629;
24 S. W., 1065; 23 L. R. A., 200; 44 Am. St. Rep.,
243, it was held by this court that an action would not
lie against that institution for an assault upon an
infant inmate by an employe of the institution. The
reasons for so holding are thus stated in the opinion:
"The incorporators and their successors are under
the control and oversight of the Legislature, and are
mere instrumentalities of the Commonwealth. The
State interposes in behalf of neglected and abandoned

children within its confines in its capacity of parens patriæ, an assumed guardianship of such children as were committed to the institution. It was an agency of the State and maintained by taxation and State aid. * * * The functions of the institution are governmental. * * * If the funds of these institutions are to be diverted from their intended beneficent purposes by lawsuits and judgments for damages for negligent or malicious servants, their influence, indeed their existence, will soon be a thing of the past." An examination of the following authorities will show that they are in entire accord with the case supra: Farnham v. Pierce, 141 Mass., 203; 6 N. E., 830; 55 Am. Rep., 452; Perry v. House of Refuge, 63 Md., 20; 52 Am. Rep., 495; Hearns v. Waterbury Hospital (Conn.), 33 Atl., 595; 31 L. R. A., 224; Fire Insurance Patrol v. Boyd, 120 Pa., 624; 15 Atl., 553; 1 L. R. A., 417; 6 Am. St. Rep., 745; Downs v. Harper Hospital (Mich.), 60 N. W., 42; 25 L. R. A., 602; 45 Am. St. Rep., 427; Benton v. Trustees of City Hospital (Mass.), 1 N. E., 836; 54 Am. Rep., 436; City of Richmond v. Long's Admr., 94 Am. Dec., 461. The doctrine in question has also been held to exempt municipal corporations from liability in like cases, as the following statement of the law in respect to municipalities will show: "The power, or even the duty, on the part of a municipal corporation to make provision for the public health and for the care of the sick and destitute appertains to it in its public, and not corporate, or, as it is sometimes called, its private, capacity, and therefore, where a city, under its charter and the general law of the State enacted to prevent the spread of contagious diseases, establishes a hospital, it is not responsible to persons injured by

reason of the misconduct of its agents and employes therein.  *  *  *'' Dillon on Municipal Corpora tions, sections 977, 981, 982, 989; Twyman's Admr. v. City of Frankfort, 117 Ky., 518; 78 S. W., 446; 25 Ky. Law Rep., 1620; 64 L. R. A., 572.

There are, however, cases which hold that the municipalities and even eleemosynary institutions are liable for creating and maintaining public nuisances which endanger the lives of contiguous residents, or injure their property  But, in respect to property rights, the liability arises from the fact that any injury to real estate without the owner's consent, and which destroys or lessens its value, amounts to a deprivation of his use and enjoyment thereof, and is therefore a taking of such property, in the meaning of sections 13 and 242, State Constitution, which prohibit corporations and individuals from taking private property for public or other use, without first making just compensation for the "property taken, injured or destroyed by them." Ky. Stats., 1903, section 835. The cases of Herr v. Central Kentucky Lunatic Asylum, 30 S. W., 971; 17 Ky. Law Rep., 320; Williamson v. Louisville Industrial School of Reform, 24 S. W., 1065; 15 Ky. Law Rep., 629; Herr v. Central Kentucky Lunatic Asylum, 61 S. W., 283; 22 Ky. Law Rep., 1722; Bank of Hopkinsville v. Western Kentucky Lunatic Asylum, 56 S. W., 525; 21 Ky Law Rep., 1820, and Hauns v. Central Kentucky Asylum, 103 Ky., 562; 45 S. W., 890; 20 Ky. Law Rep., 246—relied on by appellant—and also the cases of Clayton v. Henderson, 103 Ky., 228; 44 S. W., 667; 20 Ky. Law Rep., 87; 44 L. R. A., 474, and Paducah v. Allen, 111 Ky, 361; 63 S. W., 981; 23 Ky. Law Rep., 701, which counsel do not cite, are all cases belonging to the class

last mentioned. But we do not think these cases are in conflict with Williamson v. Louisville School of Reform, supra. Indeed, in the opinions of some of them, the doctrine announced in that case is expressly approved.

It is, however, contended by counsel for appellant that the statute from which appellee derives its corporate life and powers, declares that it may sue and be sued, which places it upon the footing of all other corporations with respect to torts committed by those in its care or employ, and for this reason it is not exempt from liability for the injury sustained by appellant. We do not think this contention is sound. There are, it is true, many causes of action for which appellee may sue, and also grounds upon which it may properly be sued. It may, through its officers, make contracts for supplies for its inmates, incur liabilities on that account, and for the proper maintenance of the institution and may also sue for debts due it, or to enforce any right allowed by law. It may, as in the Herr case and other like cases, incur liability in damages for creating and maintaining public nuisances which endanger human life, or destroy or injure the land of another, and be sued to enforce such liability. We are of the opinion, therefore, that the right given appellee by statute to sue, and to others to sue it, is to be taken in a qualified sense, and should not be so construed or extended as to make it responsible to persons injured, as was appellant, by reason of the misconduct or negligence of its inmates or employes. Whether the policy of thus exempting eleemosynary institutions from liability in such cases be wise, or unwise, it is undoubtedly sanctioned by time and sustained by a long line of authorities, and our attention

has been called to no case in which a contrary rule has been announced.

Judgment affirmed.