## George v. City of Raceland.

June 20, 1939.

Harvey Parker, Jr., Judge.

John Stanley for appellant.

John T. Diederich and William T. Smith for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Reversing.

The question presented for decision by this appeal is whether the cost of a sewage disposal plant to be used in connection with a sanitary sewer system proposed to be constructed in Raceland, a city of the fifth class, may be assessed against property bordering and abutting on a sanitary sewer line or collecting system.

The lower court held that the city sewer system including the disposal plant should be treated as an integral whole for the purpose of making assessments against the property of a complaining taxpayer and others similarly situated and the taxpayer is appealing.

Section 3643-1, Kentucky Statutes, which is a part of charters of cities of the fifth class, empowers the council of such cities to order the construction of sewers and provides that the cost of such construction shall be paid out of the general funds of the town or by the owner of lots fronting and abutting thereon as the council in each case may determine; and Sections 3643-3 and 3643-7 relate to the costs of construction and method of assessing same. These are the only sections referred to in brief for respective parties and none of them expressly or by necessary implication confer authority upon the city council to construct sewage disposal plants or to assess the costs of such plants as a part of the sewer system against the property abutting or bordering the sewer system.

Charters of cities of the third and fourth classes specifically provide that the construction of a sewer system may include sewage disposal plants, and the costs thereof included and be made a part of the total cost of the sewer construction and may be assessed against the abutting lot owners. See Kentucky Statutes, Sections 3459f-1 to 3579a-1. Since cities of the

318

two classes next above that of Raceland are expressly authorized and empowered to construct sewage disposal plants as a part of their sewer systems, and no such powers or authority is conferred upon cities of the fifth class, it is manifest that it was the purpose and intention of the legislature to withhold that power from cities of the latter class. See Arnold v. City of Stanford, 113 Ky. 852, 69 S. W. 726, 24 Ky. Law Rep. 626. Municipal charters should be strictly construed. Henderson v. City of Covington, 77 Ky. 312, 14 Bush 312. A municipal corporation possesses only such powers as the state through its legislature has expressly or impliedly conferred upon it and any doubt concerning the existence of a particular power of a municipality is resolved against the municipality. Allen v. Hollingsworth, 246 Ky. 812, 56 S. W. (2d) 530; Juett v. Town of Williamstown, 248 Ky. 235, 58 S. W. (2d) 411.

Considering the sections of the statute, supra, relating to the construction of sewer systems in cities of the fifth class, in the light of the authorities cited, it is at once obvious that the lower court erred in holding that the sewage disposal plant might be treated as a part of the sewer system and the cost thereof assessed against the abutting property owners.

Judgment reversed for proceedings and judgment in conformity with this opinion.