**CITY OF HORSE CAVE, Appellant,**

v.

**Glendon PIERCE, Appellee.**

Court of Appeals of Kentucky.

Jan. 31, 1969.

Robert T. Schneider, Horse Cave, for appellant.

Glay E. Maggard, Munfordville, for appellee.

EDWARD P. HILL, Judge.

The sole question involved on this appeal is the validity of an ordinance enacted by the appellant, City of Horse Cave, a fifth-class city attempting to adopt the State Plumbing Code under KRS 318.015.

The pertinent part of the statute is quoted herewith:

"(1) This chapter applies and shall be in full force and effect in counties containing a city of the first, second, or third class.

"(2) The local board of health of any county, including those counties not containing a city of the first, second, or third class, may adopt the State Plumbing Code promulgated by the State Board of Health as a regulation for the county, including the reasonable schedule of fees and charges fixed by the State Board of Health as authorized by subsection (3) of KRS 318.134. After adoption of the State Plumbing Code by a local board of health, such code shall apply and be in full force and effect in such county and in all cities and towns therein."

Appellant filed this suit in an effort to have the ordinance declared valid and for its enforcement.

Appellee contended in the trial court and on this appeal that the City of Horse Cave was without authority to pass such an ordinance, and the same therefore is invalid.

Appellant argues that it had the authority to enact the ordinance in question under the general powers of cities contained in KRS 87.070, which is quoted herewith:

"The city council may pass ordinances not in conflict with the Constitution or laws of this state or of the United States. It may do and perform all acts and things necessary and proper to carry

out the provisions of the laws relating to cities of the fifth class, and may enact and enforce, within the city limits, all local, police, sanitary and other regulations that do not conflict with general laws. It may, by ordinances consistent with law, prescribe additional duties for city officers."

The trial court declared in its judgment and findings of fact that the Board of Health of Hart County had never adopted the State Plumbing Code and therefore the ordinance was a nullity.

KRS 318.015 and 318.134 make the plumbing code applicable to all counties in the State having a city of the first, second, or third class. By KRS 318.015 other counties not having a city of the first three classes are given the power to adopt by action of the local board of health. The statute provides that the local board of health "may adopt" the code promulgated by the State Board of Health, and upon that being done it "shall apply and be in full force and effect in such county and in all cities and towns therein."

The statute does not specifically authorize cities of the fifth class to adopt the state code; however, KRS 318.140 does authorize cities of the first three classes to adopt a code. We can find nothing in the statute which may be construed as prohibiting any city from adopting the State Plumbing Code.

Under general powers of fifth-class cities, the city council "may enact and enforce * * * all * * * sanitary and other regulations that do not conflict with general laws."

■ It is recognized that a city has only such powers as are expressly or impliedly given it by the Legislature. Reconstruction Finance Corporation v. City of Richmond, 249 Ky. 787, 61 S.W.2d 631. And any doubt concerning particular municipal power is resolved against its existence. Allen for Use and Benefit of City of Middlesboro v. Hollingsworth, 246 Ky. 812, 56 S.W.2d 530.

■ Clearly the preservation of "public health" is a legitimate corporate purpose. Herd v. City of Middlesboro, 266 Ky. 488, 99 S.W.2d 458.

■ We are persuaded that appellant had the authority under its general powers to enact the ordinance in question.

Appellee cites and relies heavily on Arnold v. City of Stanford, 113 Ky. 852, 69 S.W. 726, wherein it was held that a legislative act giving powers to an enumerated class of cities "indicates a legislative determination to withhold the power where it was not expressed." Arnold is distinguishable from the present case in that the grant of power to cities of the first three classes in the present case is really nothing more than a grant of the right to control the details of administration of plumbing regulations made applicable by the statute, whereas in Arnold the grant to cities of the four classes of the power to establish and maintain pesthouses or hospitals for the treatment of eruptive diseases was a true grant of substantive authority.

■ It is suggested by appellee that the statute dealing with plumbing is so studded with rules and regulations pertaining to licensing of plumbers, fees for such license, qualification of plumbers, and many other provisions relating to its enforcement that its application to a fifth-class city is impractical and it is impossible to enforce for lack of facilities and personnel. This may be true, but it is not the function of the courts to determine whether the city in the exercise of its police power has undertaken more than it can perform. Bischoff v. Hennessy, Ky., 251 S.W.2d 582, and City of Louisville v. Puritan Apartment Hotel Co., Ky., 264 S.W.2d 888.

The judgment is reversed with directions to enter another adjudging the ordinance valid and granting such other relief as may appear meet and proper.

All concur.