CASE 65—PETITION EQUITY—SEPTEMBER 24.

## Pepper & Watson vs. Aiken, &c.

APPEAL FROM LOUISVILLE CHANCERY COURT.

It is only when unfair concealment or fraudulent conduct induces a party to receive a less sum than is actually due him, that courts interpose against the compromise of causes of litigation, not simply because a party, knowing all the facts, agrees to receive a less sum, in full discharge, in order to get that much in possession, and then litigate as to the remainder which he claims.

BARR & GOODLOE,                                      For Appellants,

CITED—

15 *Alabama*, 700; *Pearson vs. Thomasson*.
*Cumber vs. Wand.*

*Fitch vs. Sutton.*

· *Parsons on Contracts, vol.* 2, *pp.* 129, 130.

THOMPSON,                                    For Appellees.

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

There was no misunderstanding between the parties as to how much the profits were upon the contract of Aiken with the United States ending December 31, 1862. It was agreed by all that ninety thousand dollars had been made. No fraudulent nor unfair concealment of facts as to the profits appear or are charged. It was a simple disagreement between the parties as to what portion of those profits Pepper & Watson were to have —they claiming one third, the others conceding only a sixth.

There was then a pending threatened litigation as to this matter—Aiken offering to pay fifteen thousand dollars if Pepper & Watson would receive this in full, and they demanding thirty thousand dollars. Had the litigation actually begun, and issue been formed thereon, and the appellants had then agreed, in consideration of fifteen thousand dollars, to be paid immediately, to receive it in full discharge of their claim, and to dismiss their suit, can there be any doubt that the court would have consummated their arrangement?

The law and its policy regards the compromise of a pending litigation as of the highest consideration. Why not so regard a threatened pending litigation, when free from a fraudulent concealment of facts? The same reasons for reopening a threatened litigation would apply with equal force to a pending one.

After several interviews, resulting in a disagreement as to the mutual interest of the respective parties, finally Pepper & Watson, on June 19, 1863, received the sum of

Pepper & Watson vs. Aiken, &c.

fifteen thousand dollars, and executed a written acknowledgment " *in full of all claims to date—this amount being our proportion of the profits of contract in name of John Aiken with United States Government, which contract extended from 1st day September, 1862, to December 31, 1862. This amount being in full of our interest in said contract.*"

Subsequently they brought this suit to recover the additional fifteen thousand dollars, which they contend belonged to them. Whatever we might think of their claim as an original question, unembarrassed by their own adjustment of the matter, we concur with the chancellor that they have precluded themselves from reopening the question. If, as they alleged, Aiken was insolvent, their acquittance to him, in consideration of fifteen thousand dollars cash, would be upon a valid consideration.

It is only when unfair concealment or fraudulent conduct induces a party to receive a less sum than is actually due him, that courts interpose against the compromise of causes of litigation, not simply because a party, knowing all the facts, agrees to receive a less sum in full discharge, in order to get that much in possession, and then litigate as to the remainder which he claims. This cannot be recognized as law by us.

Wherefore, the judgment is *affirmed*.