CASE 67—APPEAL TO CIRCUIT COURT—DECEMBER 10.

# Carrico, &c., v. Colvin, &c.

### APPEAL FROM HARDIN CIRCUIT COURT.

THE OWNER OF LAND CONDEMNED FOR A PUBLIC ROAD CAN NOT BE DEPRIVED OF THE POSSESSION until the value of the land has been paid to him. The judgment of the County Court fixing the compensation and ordering it to be paid to him is not equivalent to an actual payment and does not deprive the owner of the right to the possession.

J. P. HOBSON FOR APPELLANTS.

1. Private property can not be taken for public use without compensation first paid. An agreement to pay does not comply with the constitutional requirement. (Gashweller v. McIlvoy, 1 Mar., 86; Covington, &c., R. R. Co. v. Piel, 10 Ky. Law Rep., 146; Constitution of Ky., secs. 11, 14, 16; Cooley's Constitutional Limitations, pp. 560, 561; 1 Blackstone, p. 139; Gordon v. Newberry, 2 Johnson's Ch., 161; Mills on Eminent Domain, sec. 124; Brady v. Bronston, 45 Cal., 642; Murphy v. Digroot, 44 Cal., 51; Grigsby v. Burnett, 31 Cal., 406; 80 Ky., 259; 7 Lawson on Rights, &c., sec. 3885; 24 Am. Rep., 564; 60 Am. Dec., 644.)

2. The burden of proof in a proceeding to subject private property to public use is always upon the complainant. (9 Ga., 359; 32 Ohio Stat., 215; 106 Ill., 153; Eliot on Roads, pp. 258–261; 8 Ky. Law Rep., 919.)

3. The proceedings to subject the property under an *ad quod damnum* were irregular. The return does not show that the required notice was served. (4 J. J. M., 40; 2 Bibb., 3; 1 Mar., 589; 2 J. J. M., 77.)

R. L. STITH OF COUNSEL ON SAME SIDE.

JAMES MONTGOMERY FOR APPELLEES.

1. The question as to the necessity for a public road is a matter of discretion, and an order therefor will not be disturbed unless there has been a flagrant departure from the statutory requirements as to condemnation. (Commonwealth v. Bainbridge, 6 J. J. M., 487; 1 Mar., 86.)

2. The contention that damages after condemnation must be paid before appropriation is not tenable. (Constitution of 1792, art. 12, sec. 12; Constitution of 1799, sec. 12, art. 10; Constitution of 1849–50, art. 13, sec. 14; Jackson v. Winn, 4 Littell, 328; Commonwealth v. Bainbridge, 6 J. J. M., 487; Gashweller v. McIlvoy, 1 Mar., 86; 6 J. J.

M., 61; 2 B. M., 498; Gen. Stats., chap. 94, art. 1, secs. 8, 9 and 10; Robinson v. Robinson, 1 Duvall, 168.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

Appellees applied to the Hardin County Court to open a public road over the land of the appellant in a certain part of Hardin county.   The viewers' report, recommending the opening of the road, was adopted by the county court, and the verdict of the jury assessing the damage to appellant's land was sustained and judgment was rendered establishing the road and ordering the same to be opened and allowing the appellant the damage assessed by the jury.   An appeal was taken to the circuit court from that judgment, which was affirmed.   The appellant then appealed to this court.

The judgment of each court is to the effect that the appellant may be dispossessed of the land condemned and the road opened without previously paying the appellant the damage assessed by the jury.   The question is:   Could the appellant's land be taken from his possession for public road purposes without its value having been previously paid to him?

Section 14, article 13, of the old Constitution, under which this proceeding was had, provided that no man's property should be taken or applied to public use without just compensation being previously made to him.   This court, in the case of Covington Short Route Transfer Railway Co. v. Piel, 87 Ky., 267, decided that where property was condemned for the use of a railroad corporation it could not be taken from the possession and control of the owner and vested in the corporation without his being previously paid in money for the land.   But it is said that this case is unlike that, because in this case the prop-

erty is taken for county purposes, and the pledge of the county, through its authorities, for its payment should be regarded as equivalent to an actual payment previous to the taking of the property; and Gashweller v. McIlvoy, 1 Mar., 84, is relied upon as an authority sustaining that view. But the Covington Short Route Transfer case disapproves that case. And we, upon further reflection, concur in the disapproval. The provision of the constitution, *supra*, makes no exception in favor of the State or its sub-divisions so far as the compensation for the property taken is concerned. It was intended by this provision to allow, if necessary, private property to be taken for public use against the will of the owner, and to pay him for it according to the value put upon it by others, if he and the taker did not agree on the value, etc.; but to protect him as fully as possible in consequence of the exercise of this arbitrary power, it was provided that he should be compensated for the property previous to its being taken from him. Now a promise of compensation, however solemnly made, is not an actual compensation nor its equivalent. Is the judgment of the county court awarding the appellee the value of the land taken anything more than that the county shall pay the amount of the judgment? We think not. The county authorities may refuse to make the levy or payment, and the appellant would be compelled to resort to legal proceedings to enforce the judgment which might be by another court declared void, etc. So the judgment of the county court fixing the amount of compensation and ordering its payment is not an actual payment in money nor equivalent to such payment.

The judgment, so far as it directs the taking possession

of the land and the opening of the road previous to the payment of the damages awarded, is reversed, and the cause is remanded with direction for further proceedings consistent with this opinion. We see no other error in the judgment appealed from.