CASE 69—PETITION EQUITY—MAY 10.

# Herr, &c v. Central Kentucky Lunatic Asylum.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

RIGHT TO SUE AGENTS OF STATE—INJUNCTION.—While an action nominally against an officer, but really against the State, to enforce performance of its obligation in its political capacity, can not be maintained, yet officers or agents holding and controlling property of the State may be enjoined from so using such property as to create a nuisance whereby the health or property of others will be injured.

In this case a petition against the Central Kentucky Lunatic Asylum alleging facts showing that two dams built by defendant across a creek which flows through the land which it holds for use of the Commonwealth create a nuisance resulting in injury to the health and property of plaintiffs, and asking the abatement of the nuisance, states a *prima facie* cause of action, and a demurrer thereto was improperly sustained, as not only does the act creating defendant a corporation make it liable in express terms to be sued, but it is answerable for the injury complained of independent of statutory liability, just as any natural person acting as agent or officer of the State would be liable.

ALFRED SELLIGMAN FOR APPELLANT.

1. The State has given ample authority to sue the Central Ky. Lunatic Asylum. (Constitution sec. 231; Kentucky Statutes, sec. 217;

Herr, &c v. Central Kentucky Lunatic Asylum.

Frantz v. Jacob, 88 Ky., 525; Roberts v. City of Louisville, 92 Ky., 95; Pearson v. Zable, 78 Ky., 170; Kemper v. Louisville, 14 Bush, 87; Garrett v. Merriwether, 102 U. S., 511; Sinking Fund Comsrs. v. Northern Bank of Ky., 1 Met., 175; Bain v. State, 86 N. C., 49; County Board of Education v. State Board of Education, 106 N. C., 83; Briscoe, et al v. The Bank of Commonwealth, 11 Pet., 257; Mobile Co. v. Kimball & Slaughter, 54, Ala., 57.)

Cases distinguished: Downing v. Mason County, 87 Ky., 209; Murdock &c., v. Commonwealth, 24 N. E. Rep.; Clark v. State and Bank of Tenn., 7 Cold, 307.)

2. The consent of the State is not necessary to authorize the court to enjoin the commission of or to abate a nuisance. (Kerr on Injunction, 181, 183, 505; Crawford v. Carson, 35 Ark., 565; Spelling on Extraordinary Remedies, p. 485, vol. 1; United States v. Lee, 106 U. S.; Poindexter v. Greenhow, 114 U. S., 287; Cunningham v. Mason &c. R. Co., 109 U. S., 455; Pennoyer v. McConnaughty, 140 U. S., 1; Michigan State Bank v. Hastings, 41 Am., Dec., 549.)

3. Every action which indirectly affects the State is not within the prohibition of suits against the State. To sue an offending or derelict agent is not suing the State. (Adams v. Auditor, 13 B. M., 150; Gerrard v. Nutall, 2 Met., 106; Hailey v. Auditor, 4 Bush, 490; Trustees High School v. Auditor, 80 Ky., 333; Perkins v. Auditor, 79 Ky., 306; Lindsey v. Auditor, 3 Bush, 232; Auditor v. Cochran, 9 Bush, 7; Allen v. B. & O. R. Co., 114 U. S., 311; Poindexter v. Greenhow, 114, U. S., 287.)

4. The right to enjoin the pollution of a stream is established beyond controversy. (Hahn v. Thornberry, 7 Bush, 403.)

O'NEAL & PRYOR and PHELPS & THUM of counsel on same side.

A. J. CARROLL, ALBERT S. BRANDEIS and JOHN BARRET for appellee.

1. The appellee is an agent and arm of the State of Kentucky, and can not be sued without the express consent of the State. (Constitution of Kentucky, sec, 231; Kentucky Stats., sec. 223; Dartmouth College Case, 4 Wheaton, 668; Teneyck v. Canal Co., 3 Harrison, N. J., 200; Wheatly v. Mercer, 9 Bush, 707; Christian County v. Rankin, 2 Duv., 502; County of Lawrence v. Chattaroi R. Co., 81 Ky., 225; Greenup County v. Maysville, &c., R. Co., 88 Ky., 659; Downing v. Mason County, 87 Ky., 208; Hite v. Whitley County Court, 91 Ky., 168.)

2. The creation by the State of the corporation with power to sue and be sued can not be construed to be a grant of consent to sue

that corporation for a tort. (Mason v. Rogers, 4 Litt, 377; Phillips v. Pope, 10 B. M., 173; Irish B. & L. Asso. v. Clemens, 78 Ky., 82; Rhodes v. Governor, 24 Texas, 496; Green v. State, 73 Cal., 29; Pollock's Admr. v. Louisville, 13 Bush, 221; Greenwood v. Same, 13 Bush, 226; Clark v. State of Tennessee, 7 Cold., 306; State v. Hill, 54 Ala., 67; Murdock v. Commonwealth, 24 N. E. Rep., 885, s. c., 152 Mass.; Williamson v. Louisville Ind. School of Reform, 15 Ky. Law Rep., 629; Benton v. Boston City Hospital, 140, Mass., 31; McDonald v. Massachusetts General Hospital, 120 Mass., 432; Haight v. The Mayor, 24 Fed. Rep., 93; Bryant v. City of St. Paul, 33 Minn., 289; Bigelow v. The Inhabitants of Randolph, 14 Gray, 541; Grainger v. The County of Pulaski, 26 Ark., 37; Sturner v. Board of Comsrs., 38 Pac. Rep., 841; Hedges v. Madison County, 1 Gillman, (Ill.), 567; Elmore v. The Drainage Comsrs., 135, Ill., 269; Hughes v. Monroe County, 79 Hun., 120.)

3. If appellee would not have been liable to an action in damages for the tort complained of it can not be commanded by a court of justice to abate a nuisance which constitutes the tort. (High on Injunctions, secs. 739, 1185; Story's Eq. Jur., sec. 925; Phoenix v. The Comsrs. of Emigration, 12 How., Pr., 1; Fort Worth v. Crawford, 64 Texas, 202.)

4. The petition is not good because it affirmatively shows the action to be barred by limitation, or at least betrays such laches on the part of appellant as will preclude the relief sought. (Stillwell v. Leavy, 84 Ky., 384; Commonwealth v. Cook, 8 Bush, 224; St. Louis, &c., R. Co. v. Biggs, 52 Ark., 240; 20 Am. St. Rep., 174; Kinnison v. Carpenter, 9 Bush, 599; Logansport v. Uhl, 99 Ind., 531; High on Injunctions, secs. 884, 885; Trapagen v Jersey City, 29 N. J., Eq., 206.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Mary Herr and others brought this action against Central Kentucky Lunatic Asylum, created by statute a body-politic, and in their petition state: That they are, as was their intestate husband and father, owners, in possession of and reside upon a tract of land containing about 300 acres, used as a farm and garden, through which flows a small water-course called Goose Creek; that adjacent to and above their land is a tract of about 400 acres, acquired and held by defendant for use of the Commonwealth, upon which have been erected at expense of the State, buildings

extensive enough to accommodate, and which do accommodate, about 1,000 persons, adjudged lunatics, besides about 100 attendants and servants; that defendant has wrongfully built across said creek two dams, making two artificial lakes or ponds, whereby the natural flow of water has been greatly diminished; that defendant dumps and causes to be carried through a sewer from said buildings into the creek all slops, offal and refuse matter of every kind, a large part, though, because of feeble flow of the creek, not all, of which passes through and upon the premises of plaintiffs, whereby water of the creek, formerly used for watering their animals and other farming purposes, has become unfit for any purpose, and the air rendered so noxious and offensive as to make their home unhealthy and untenantable. Wherefore, they ask an injunction against defendant maintaining the alleged nuisance and abatement of it, including removal of the two dams.

But to the petition a general demurrer was sustained, upon the principal ground, as stated in opinion of the chancellor, and now urged in argument, that defendant corporation is but an arm of the State, and, consequently, can not be sued without express legislative authority. In terms of the statute creating defendant a corporation, it is not only given power to sue, but made, without qualification, liable to be sued. And if an action for the cause stated in petition of plaintiffs can not be maintained against it, we are at loss to know what character of default or wrong it could be sued for.

But it seems to us, independent of statutory liability, defendant is answerable for the wrong and injury complained of in the same manner, and to the same extent, as one or more natural persons would be, occupying the same attitude, which is that of agent or officer of the State.

As a necessary consequence of exemption of the State from suit without its consent, an action nominally against an officer, but really against the State, to enforce performance of its obligation in its political capacity, can not be maintained. But if officers or agents' of the State invade private right in a mode not authorized by the statute under which they claim to act, or if such statute is invalid, unquestionably the person injured has, at least, a preventive remedy, although the State may be affected by the proceeding, yet not a party to it.

As early as the case of Osborne v. Bank of United States, 9 Wheaton, 738, in which an injunction was sought against officers acting under statute of a State, the rule was thus stated by Chief Justice Marshall: "If the State of Ohio could have been made a party defendant, it can scarcely be denied that this would be a strong case for an injunction. The objection is that as the real party can not be brought before the court a suit can not be sustained against the agents of that party; and cases have been cited to show that a court of chancery will not make a decree, unless all those who are substantially interested be made parties to the suit. This is certainly true where it is in the power of the plaintiff to make them parties. But if the person who is the real principal, the true source of the mischief, by whose power and for whose advantage it is done, be himself above the law, be exempt from all judicial process, it would be subversive of the best established principles to say that the laws could not afford the same remedies against the agent employed in doing the wrong which they would afford against him, could his principal be joined in the suit."

The doctrine there stated has in numerous cases been since approved and applied by the Supreme Court, and this court has never held differently. For exemption of the

State from suit without its consent was intended for its own protection; not at all to enable agents or officers to do with impunity injury to private rights.

To say a court of chancery could not enjoin them entering upon and appropriating, without compensation, land of a private person, though done under color of statutory power, and in interest of the State, would be, indeed, a startling proposition. Yet so using property of the State as to create a nuisance, whereby such private person is deprived of use and enjoyment of his land, would be not less a wrong and injury than forcibly ousting him of possession and lawlessly taking and appropriating it. For while holding and controlling property of the State, its officers and agents can no more than a private person disregard the maxim *"sic utere tuo ut alienum non laedas."* It can not be that in such case a person injured would be wholly without remedy merely because the wrongdoers are agents or officers holding and controlling property of the State.

The case of Williamson v. Louisville Industrial School of Reform, 95 Ky., 251, recently decided by the court, is not like this, because there damages for a personal injury were sued for against, not the employe who committed the assault, but against the corporation, agent of the State, controlling the institution, which, if recovered, would have been payable out of the trust fund. Here the remedy sought is injunction against continuance of a nuisance, and, as necessary consequence, abatement of it. And as the alleged wrong is such as to cause permanent mischief and continuous grievance which can not be otherwise, than by injunction, repaired or prevented; and as it is moreover alleged plaintiffs have and will continue to suffer injury to both their health and property unless the court grants the relief, a

*prima facie* cause of action is stated in their petition, and the chancellor erred in sustaining the demurrer.

Judgment is reversed and cause remanded for further proceedings, consistent with this opinion.