### Norwood v. Kentucky Confederate Home.

(Decided November 21, 1916.)

Appeal from Oldham Circuit Court.

States—Suits Against—What Constitutes—Charitable Institutions.—A public charitable institution not authorized to sue or be sued, or to hold or acquire property, but whose property is vested in the state, is not subject to suit by an adjoining land owner for injury to his land occasioned by the construction of a sewer, since such a suit is in effect a suit against the state itself.

D. MOXLEY and S. E. DeHAVEN for appellant.

ROBERT T. CROWE and D. H. FRENCH for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Pursuant to an act of March 27th, 1902, the State of Kentucky established the Confederate Home in Oldham County to care for the infirm and dependent Confederate soldiers of the State. To this end a tract of land was acquired and a number of buildings erected thereon. These buildings are occupied by the old soldiers and the employes of the home. Plaintiff, Annie L. Norwood, owns and occupies a farm near the home. This farm is watered by a small stream, which empties into the South Fork of Harrod's Creek. Some time ago the trustees of the home constructed a large sewer, which discharges the sewage from the home into the creek which flows through plaintiff's land.

Charging that the sewage from the home polluted the stream in question and created such offensive odors that her home was rendered uninhabitable and the value of her land destroyed, plaintiff brought this suit against

the Kentucky Confederate Home to recover damages. A demurrer was sustained to the petition and the petition dismissed. Plaintiff appeals.

Plaintiff predicates her right of recovery on the ground that the defendant is a corporation and cannot, therefore, injure her property without making just compensation therefor, as provided by section 242 of the Constitution. In support of this position we are referred to the cases of City of Louisville v. Hehemann, 161 Ky. 523; City of Madisonville v. Hardman, 29 R. 253; City of Georgetown v. Ammerman, 143 Ky. 209; and Hauns v. Central Kentucky Lunatic Asylum, 103 Ky. 563. The first three cases merely held that municipal corporations, although engaged in the exercise of a governmental function, cannot, under the Constitution, injure private property without making just compensation therefor. In the case of Hauns v. Central Kentucky Lunatic Asylum, *supra,* Hauns recovered a judgment against the asylum for damages to his farm, caused by the discharge of sewage in Goose Creek. Execution issued thereon and was levied on certain personal property belonging to the asylum. A motion to quash the levy was sustained. On appeal to this court the judgment was reversed, the court holding that so much of the asylum property as was not reasonably necessary for the proper care of the inmates was subject to execution. This ruling was based on the fact that the legislature, in creating the corporation and authorizing it to sue and be sued, and investing it with title to all the property used for asylum purposes, clearly intended to place the asylum on the plane of other litigants to the extent indicated. Central Kentucky Asylum For Insane v. Hauns, 64 S. W. 643. In the case under consideration, however, a different state of facts is presented. The act establishing the home provides "that an institution to be known as the 'Kentucky Confederate Home' is hereby created and incorporated, the object of which shall be to care for the infirm and dependent Confederate soldiers of the State of Kentucky." The purpose of the act was to provide, on the part of the State of Kentucky, for the organization and maintenance of a Confederate Home. The act was to become effective and the appropriations available when the Confederates of the State of Kentucky conveyed to the Commonwealth a tract of land containing not less than thirty acres, with

buildings and rooms furnished for the care and custody of not less than twenty-five persons. The control and management of the home were vested in a board of trustees, composed of fifteen members, to be appointed by the Governor from among the Confederate soldiers, or their sons, residing in the State of Kentucky. The specific purposes for which the funds appropriated by the State may be expended are clearly set out and defined. The act further provides that "as all of the said property is held in the name of the Commonwealth of Kentucky," the property shall be kept insured and the premiums paid by the warrant of the Auditor of Public Accounts. Kentucky Statutes, section 415a, subsections 1, 2, 3 and 4. Nowhere in the act is the home authorized to acquire and hold property, to sue or be sued, or to exercise any of the powers ordinarily incident to a corporation. The "Kentucky Confederate Home" is simply a name by which the institution is designated. The title to all of the property used for the purposes of the home is in the Commonwealth of Kentucky. Therefore, there is nothing in the act creating the home which shows a clear legislative intent to place the home on the plane of other litigants. On the contrary, the whole act negatives the theory that the home as such should be liable in damages for the nuisance complained of. The reason for the distinction made in the case of Central Kentucky Asylum for Insane v. Hauns, *supra,* does not exist. If judgment were recovered, the effect would be not to subject the property of an institution authorized to sue and be sued, but to subject property belonging to the State itself. While it may be true that public agents, whether styled a body corporate or constituting a board with certain powers and duties, may be sued by a private citizen to restrain the commission of some wrong, or to compel the performance of some duty enjoined by law—Herr, etc. v. Central Kentucky Lunatic Asylum, 97 Ky. 458; Reliance Mfg. Co., et al. v. Board of Prison Commissioners, 161 Ky. 135—and while it may be true that municipalities, and even public eleemosynary institutions, empowered to acquire and hold property and sue and be sued may, under certain circumstances, be liable in damages for nuisance resulting in injury to private property—Central Kentucky Asylum for Insane v. Hauns, *supra;* City of Louisville v. Hehemann, *supra;* City of Madisonville v. Hardman, *supra;*

City of Georgetown v. Ammerman, *supra*—we are not inclined to extend this doctrine so as to apply to a public eleemosynary institution not authorized to hold property, to sue or be sued, or to perform any of the functions of an ordinary corporation, but from which all these powers seem to have been intentionally withheld. The necessary effect of such a rule would be to hold that the State itself may be sued without its consent and its property subjected to a claim for damages for a nuisance created by its agent. It follows that the demurrer to the petition was properly sustained.

Judgment affirmed.