# Kentucky State Park Commission v. Wilder et al.

(Decided June 18, 1935.)

(As Modified June 21, 1935.)

BAILEY P. WOOTTON, Attorney General, and F. M. BURKE, Assistant Attorney General, for appellant.

STEPHENS & STEELY, J. B. JOHNSON, POPE & UPTON, R. S. ROSE and W. B. EARLY for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming.

In Kentucky State Park Commission v. Wilder, 256 Ky. 313, 76 S. W. (2d) 4, it was held that Samantha Wilder and others could not maintain a suit against the commission for partition of a tract of land which had been conveyed to the Commonwealth of Kentncky for the use and benefit of the commission, in which tract the plaintiffs claimed ownership of an undivided interest. The conclusion was that the suit was in effect against the state and of a character that did not involve the taking of private property for public use or trespass amounting to such taking, or against public officers to compel the discharge of a duty, but was of a nature that required the express consent of the Legislature. Upon a return to the circuit court, the petition was amended. The Commonwealth of Kentucky was named a party defendant and process served upon the Governor. It was charged in the amended pleading that the commission had instituted condemnation proceedings against the Cumberland River Power Company and others, including the plaintiffs in this suit; that thereafter it purchased the tract of land from the Power Company, which owned only an undivided one-fiftieth interest therein; that upon acquiring such title the commission entered upon and took actual possession of the entire parcel; that this was without the consent of the plaintiffs and the taking was for public use, without just or any compensation having been paid to the owners; that the taking was of 198 acres belonging to the plaintiffs, and it had been subsequently used as a state park by the com-

mission. All this was pleaded as being in contravention of the Fifth and Fourteenth Amendments to the Constitution of the United States and of sections 13 and 242 of the Constitution of Kentucky. The value of the property alleged to have been taken was stated to be $100,000, for which sum the plaintiffs asked judgment. Their right to maintain this amended action without the consent of the Legislature is the issue now before us.

Absolute immunity from suit is a high attribute and prerogative of sovereignty. The basis and policy of the doctrine has been many times stated. This immunity has come down to us as a part of the fundamental common law and is only indirectly contained in the Constitution. Section 231 of that instrument gives the General Assembly power to direct by law in what manner and in what courts suits may be brought against the commonwealth, the implication, of course, being that they cannot otherwise be maintained. But in the absence of specific legislative consent, suits which involved the taking of property for public use, or trespass amounting to a taking, have been sustained upon the idea that the state had surrendered its immunity or authorized the suit by express constitutional or statutory provisions.

Section 13 of the Constitution declares that no "man's property [shall] be taken or applied to public use without the consent of his representatives, and without just compensation being previously made to him." This declaration of an "inherent and inalienable" right has been a part of all four Constitutions of Kentucky, and there is no exception in favor of the state or its subdivisions. Carrico v. Colvin, 92 Ky. 342, 17 S. W. 854, 13 Ky. Law Rep. 603.

Section 242 of the Constitution requires that municipal and other corporations and individuals invested with the privilege of taking private property for public use shall pay or secure the payment of just compensation before the taking thereof. This allows compensation for injury or destruction of property unattended by an actual taking. Both sections prohibit the actual taking of property without payment. Bushart v. Fulton County, 183 Ky. 471, 209 S. W. 499. They have been construed and strictly applied in a number of cases.

We may lay aside consideration of the authorities dealing with the right to sue municipal corporations as

emanating from section 242 of the Constitution and confine our thought to the state, its special creatures and counties. The distinction in the character of municipalities and of counties as drawn in Wheatly v. Mercer, 72 Ky. (9 Bush.) 704, brings the latter much closer to absolute immunity from having to answer in the courts. The paramount object of their existence is governmental. They are subordinate political divisions and parts of the sovereignty of the state itself. There is likewise a distinction between the special commissions and bureaus or departments created by the state for convenience of operation or administration along lines not strictly governmental in their essence. In respect of quasi sovereignty, they partake of the same nature as counties.

It may be observed in passing that neither such an agency, even though functioning under special charter giving it power to sue and providing that it may be sued, nor a county is suable for personal injuries or torts not equivalent to a taking of property without express consent granted by the Legislature. Public policy prohibits it. Williamson v. Louisville Industrial School of Reform, 95 Ky. 251, 24 S. W. 1065, 15 Ky. Law Rep. 629, 23 L. R. A. 200, 44 Am. St. Rep. 243; Leavell v. Western Ky. Asylum, 122 Ky. 213, 91 S. W. 671, 28 Ky Law Rep. 1129, 4 L. R. A. (N. S.) 269, 12 Ann. Cas. 827; Zoeller v. State Board of Agriculture, 163 Ky. 446, 173 S. W. 1143; Ketterer's Administrator v. State Board of Control, 131 Ky. 287, 115 S. W. 200, 20 L. R. A. (N. S.) 274; Pennington's Adm'r v. Commonwealth, 242 Ky. 527, 46 S. W. (2d) 1079. Dowing v. Mason County, 87 Ky. 208, 8 S. W. 264, 10 Ky. Law Rep. 105, 12 Am. St. Rep. 473; Wheatly v. Mercer, supra; Simons v. Gregory, 120 Ky. 116, 85 S. W. 751, 27 Ky. Law Rep. 509; Forsythe v. Pendleton County, 205 Ky. 770, 266 S. W. 639; Webster County v. Lutz, 234 Ky. 618, 28 S. W. (2d) 966.

But those state agencies and subdivisions may be sued to enforce recognition of contracts made by them under authority of law. Gross v. Kentucky Board of Managers of World's Columbia Exposition, 105 Ky. 840, 49 S. W. 458, 20 Ky. Law Rep. 1418, 43 L. R. A. 703; Reliance Mfg. Co. v. Board of Prison Commissioners, 161 Ky. 135, 170 S. W. 941; Board of Councilmen of City of Frankfort v. State Highway Commission, 236

Ky. 253, 32 S. W. (2d) 1008. It is also well established that such administrative agencies may be enjoined from committing a nuisance or trespass and may be made to respond in damages for such invasion of private property. Herr v. Central Kentucky Lunatic Asylum, 97 Ky. 458, 30 S. W. 971, 17 Ky. Law Rep. 320, 28 L. R. A. 394, 53 Am. St. Rep. 414; Herr v. Central Kentucky Lunatic Asylum, 110 Ky. 282, 61 S. W. 283, 22 Ky. Law Rep. 1722; Hauns v. Central Kentucky Lunatic Asylum, 103 Ky. 562, 45 S. W. 890, 20 Ky. Law Rep. 246; Bank of Hopkinsville v. Western Kentucky Asylum for Insane, 108 Ky. 357, 56 S. W. 525, 21 Ky. Law Rep. 1820; Central Kentucky Asylum v. Hauns, 64 S. W. 643, 23 Ky. Law Rep. 1016.

The exemption of a county from suit unless the authority can be discovered in the statutes or found to exist by necessary implication from some express power given or the action is upon a contract which it could make is a well-established doctrine. Breathitt County v. Hagins, 183 Ky. 294, 207 S. W. 713. Immunity has been consistently denied where the county was sued for the value of land taken for roads and damages incident to trespass. This responsibility is planted squarely upon section 242 of the Constitution, the reason being that the county could have acquired the property taken (actually or constructively) in a legal manner under its right of eminent domain. Since the exercise of that power must always be in subordination to the constitutional right of a citizen to be first paid the value of his property taken or damages, if the county proceeds to deprive him of his property in disregard of the law and not according to legal processes, it must nevertheless render just compensation thereafter. As stated in Layman v. Beeler, 113 Ky. 221, 67 S. W. 995, 996, 24 Ky. Law Rep. 174:

"The provision of the constitution which requires that the municipality taking private property for public use 'shall make just compensation for the property taken, injured or destroyed by them,' necessarily implies that, if the corporation should fail to make the compensation before the taking or injury, and that, if it will not pay the damages, an action is necessarily authorized to be instituted again it; for it would be idle to give to a party a right without a remedy to enforce it. We therefore

conclude that, if the facts as alleged in the petition be true,—that is, that the improvement of the highway in question did so impair the plaintiff's adjacent lands and their value as to damage him,—that was a taking and injury within the contemplation and meaning of the constitution, and the language of that section necessarily implies a right upon the part of the citizen to maintain his action against the county to recover such damages, if not otherwise settled.''

Other suits of like character were maintained in Moore v. Lawrence County, 143 Ky. 448, 136 S. W. 1031; Webster County v. Lutz, supra; Jefferson County v. Bischoff, 238 Ky. 176, 37 S. W. (2d) 24, and citations therein.

That interpretation of section 242 and its application to counties under like or similar conditions or actions has been made whether the taking of the property was done directly by the county and its officers or agents or by the state highway commission in the construction of state roads, the several counties being by statute required to pay for the rights of way therefor. Letcher County v. Hogg, 209 Ky. 182, 272 S. W. 423; Perry County v. Townes, 228 Ky. 608, 15 S. W. (2d) 521; Trimble v. Powell County, 237 Ky. 501, 35 S. W. (2d) 882; Barass v. Ohio County, 240 Ky. 149, 41 S. W. (2d) 928; Franklin County v. Bailey, 250 Ky. 528, 63 S. W. (2d) 622; Adkins v. Harlan County, 259 Ky. 400, 82 S. W. (2d) 425, and many other cases cited therein.

So far we have dealt with agencies or divisions of the state which by reason of their separate organizations may not be in a strict sense regarded as the commonwealth itself. We have at least two cases of the same nature as those permitted against the agencies which were more particularly against the state and hence were held not maintainable.

In Norwood v. Kentucky Confederate Home, 172 Ky. 300, 189 S. W. 225, a property owner sought damages for the destruction of the value of her land by reason of the pollution of a stream by sewage emptied therein by a home erected and supported by the state for its Confederate veterans. The right to sue and recover was predicated on the ground that the home was a corporation and could not injure the plaintiff's

property in that manner without making compensation therefor, the pleading thus bringing the case within the Central Kentucky Lunatic Asylum Cases and those against municipalities for creating like nuisances. The right to maintain the suit was denied under the doctrine of sovereign immunity because the institution was one of limited authority and power and was not authorized by the act establishing it to sue or be sued, to acquire or hold title to property, or to exercise any powers ordinarily incident to a corporation, and there was nothing in the act showing a legislative intent to place the institution on the plane of other litigants; hence, it was the state itself being sued.

In Hunt-Forbes Construction Co. v. Robinson, 227 Ky. 138, 12 S. W. (2d) 303, it was held that a contractor could not be made to respond in damages for injury to adjacent property resulting from a cut made in conformity with plans and specifications of the state highway commission, since the contractor was but the agent of the state and it could not be sued without its consent. It was held that the provisions of section 242 of the Constitution did not apply to the commonwealth. The conclusion was perhaps influenced also by the fact that cost of the right of way, including the consequential damages to adjacent property, was by statute placed upon the county. It is pointed out in the opinion that the suit against the county had been dismissed and the case was distinguished from those cases in which counties had been held responsible under the same circumstances.

However, upon the doctrine that a state agency whether it be a body corporate specifically made amenable to suit, or a board, or an individual vested with certain powers, may be sued by a citizen to restrain the commission of a contemplated injury or wrong, or compelled to perform acts essential to the protection of property rights, it was held in Anderson v. State Highway Commission, 252 Ky. 696, 68 S. W. (2d) 5, that the state highway commission could be enjoined from diverting waters of a creek so as to flood the adjacent land, the suit seeking that relief not being regarded as a suit against the commonwealth.

Now, the Kentucky State Park Commission is a special corporation with very broad express authority, including the power to take property and to sue and be

sued in its corporate name. Section 3766d-1 et seq., Kentucky Statutes. It is more nearly a private corporation than the eleemosynary institutions held liable to suit under the same circumstances, and is far from a county organization and its governmental nature, all of which have been held to be suable for the taking of private property and to be liable for the value therefor. While the title to the property taken by the park commission is in the name of the commonwealth, it is not the title that is involved in this action as amended. The suit is not against the commonwealth as owner, as was the original petition asking for a partition of the land. It is against the agency for its wrongful taking of property and no such agency can claim immunity from liability for such a wrong committed in clear violation of sections 13 and 242 of the Constitution. The commission in this respect is like those agencies whose assets are made subject to liability for the value of another's property it had bodaciously taken, even as its funds might have been used for its purchase, voluntarily or by condemnation, in the first instance. Indeed, the opinion was expressed on the former appeal that the commission is subject to such a suit.

It is not necessary here to express an opinion as to what remedy an owner of property might have by reason of section 13 of the Constitution if the commonwealth directly, rather than through some agency of the character of the park commission, should take possession of it under circumstances like those alleged in this petition. It is sufficient to say here that according to this record only the agency has taken the property— not the commonwealth itself. Hence, the court erred in overruling the special demurrer in so far as the commonwealth of Kentucky is concerned. It was not error to hold the commission subject to suit. We take notice of article 18, sec. 2, chapter 155, of the acts of the Regular 1934 Session of the General Assembly (section 4618-45, Supplement to Statutes), abolishing the Kentucky State Park Commission and transferring its duties and functions to the department of public property. But this could not abrogate plaintiff's rights against it. That department should be made a party to this suit.

The judgment is affirmed as to Kentucky State Park Commission.

Whole court sitting.